James E. Doroshow (SBN 112920)
    jdoroshow@foxrothschild.com
Patrick Hagan (SBN 266237)
    phagan@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone:  310-598-4150
Facsimile:   310-556-9828

Attorneys for Defendants,
VM INNOVATIONS, INC., LAPKOSOFT,
VITALI LAPKO, AND JEFF RAPP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBCONVERSIONS LLC, a California limited liability company,<br><br>            Plaintiff,<br><br>     v.<br><br>VM INNOVATIONS, INC., a Nebraska corporation; LAPKOSOFT, a Nebraska business entity; VITALI LAPKO, an individual; JEFF RAPP, an individual; DOES 1-10, INCLUSIVE,<br><br>            Defendants. | Case No.: CV 13-00852-GAF-MAN<br><br>Hon. Judge Gary A. Feess<br><br>**ANSWER OF DEFENDANTS VM INNOVATIONS, INC., LAPKOSOFT, VITALI LAPKO, AND JEFF RAPP TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Date Complaint Filed:  2/6/13<br>Discovery Cutoff:         None<br>Trial Date:                     None |

DEFENDANTS' ANSWER TO COMPLAINT & AFFIRMATIVE DEFENSES
1

LA1 298047v1 04/12/13

For their Answer and Affirmative Defenses to the Complaint of Plaintiff VBConversions, LLC ("Plaintiff"), Defendants VM Innovations, Inc., Lapkosoft, Vitali Lapko, and Jeff Rapp (collectively "Defendants") allege and respond as follows:

## ANSWER

1. Defendants admit that Plaintiff purports to allege claims against them under the referenced federal statutes, but deny that there is any merit to any of Plaintiff's claims under these statutes or otherwise. Defendants deny that they are all subject to the jurisdiction of this Court or that they each affirmed the provisions of a licensing agreement agreeing to be subject to the personal jurisdiction of courts in the State of California. Except as expressly admitted herein, Defendants deny the allegations of paragraph 1 of the Complaint.

2. Defendants deny that they are each parties to any agreement with Plaintiff, including an agreement that includes a Forum Selection Clause. As such, Defendants deny venue is proper in this Court.

3. Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 3 of the Complaint and, on that basis, deny such allegations.

4. Defendants admit the allegations of paragraph 4 of the Complaint and, on that basis, deny such allegations.

5. Defendants admit the allegations of paragraph 5 of the Complaint and, on that basis, deny such allegations.

6. Defendants admit the allegations of paragraph 6 of the Complaint and, on that basis, deny such allegations.

7. Defendants admit the allegations of paragraph 7 of the Complaint and, on that basis, deny such allegations.

8. Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 8 of the Complaint and, on that basis, deny such allegations.

///

9. Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 9 of the Complaint and, on that basis, deny such allegations.

10. Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 10 of the Complaint and, on that basis, deny such allegations.

11. Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 11 of the Complaint and, on that basis, deny such allegations.

12. Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 12 of the Complaint and, on that basis, deny such allegations.

13. Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 13 of the Complaint and, on that basis, deny such allegations.

14. Defendants admit that some Defendants have sold some goods in Los Angeles, California. Except as expressly admitted herein, Defendants deny the allegations of paragraph 14 of the Complaint.

15. Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 15 of the Complaint and, on that basis, deny such allegations.

16. Defendants deny that they or anyone else engaged in any wrongful conduct, alone or collectively. Defendants lack sufficient information or knowledge to respond to the remaining allegations of paragraph 16 of the Complaint and, on that basis, deny such allegations.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

## **FIRST CLAIM FOR RELIEF**

18. Defendants incorporate by reference their response to paragraphs 1 through 17 above as if fully set forth herein.

19. Defendants deny that they have engaged in any unauthorized or fraudulent access to Plaintiff's product. Defendants lack sufficient information or knowledge to respond to the balance of the allegations in paragraph 19 of the Complaint and on that basis deny such allegations.

20. Defendants deny that they have engaged in any unauthorized or fraudulent access to Plaintiff's product. Defendants lack sufficient information or knowledge to respond to the balance of the allegations in paragraph 19 of the Complaint and on that basis deny such allegations.

21. Defendants admit that the named computer was owned by certain Defendants, but otherwise deny the allegations of paragraph 21 of the Complaint.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

23. Defendants deny that they have engaged in any unauthorized or fraudulent access to Plaintiff's product. Defendants lack sufficient information or knowledge to respond to the balance of the allegations in paragraph 19 of the Complaint and on that basis deny such allegations.

24. Defendants lack sufficient information or knowledge as to what is or is not known to Plaintiff at this time. Defendants deny the remaining allegations in paragraph 24 of the Complaint.

## SECOND CLAIM FOR RELIEF

25. Defendants incorporate by reference their response to paragraphs 1 through 24 above as if fully set forth herein.

26. Defendants deny the allegations in paragraph 26 of the Complaint except admit that Defendant Jeff Rapp and others are employed by certain of the Defendants.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

## THIRD CLAIM FOR RELIEF

29. Defendants incorporate by reference their response to paragraphs 1 through 28 above as if fully set forth herein.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

///

## FOURTH CLAIM FOR RELIEF

33. Defendants incorporate by reference their response to paragraphs 1 through 32 above as if fully set forth herein.

34. Defendants deny that they have engaged in any unauthorized or fraudulent access to Plaintiff's product. Defendants lack sufficient information or knowledge to respond to the balance of the allegations in paragraph 19 of the Complaint and on that basis deny such allegations.

35. Defendants deny that they have engaged in any unauthorized or fraudulent access to Plaintiff's product. Defendants lack sufficient information or knowledge to respond to the balance of the allegations in paragraph 19 of the Complaint and on that basis deny such allegations.

36. Defendants deny that they have engaged in any unauthorized or fraudulent access to Plaintiff's product. Defendants lack sufficient information or knowledge to respond to the balance of the allegations in paragraph 19 of the Complaint and on that basis deny such allegations.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants were granted an express or implied license to use, modify, and recreate the software Plaintiff offered.

## THIRD AFFIRMATIVE DEFENSE

Defendants had a reasonable, good-faith belief that they had the legal right to test the software Plaintiff offered to Defendants.

## FOURTH AFFIRMATIVE DEFENSE

The alleged work that is the subject matter of this litigation is not entitled to copyright protection under the Copyright Act of 1976.

### FIFTH AFFIRMATIVE DEFENSE

On information and belief, the alleged work that is the subject matter of this litigation is not original or creative.

### SEVENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The Copyright Act of 1976 does not permit Plaintiff to recover duplicative statutory damages.

**WHEREFORE**, Defendants VM Innovations, Inc., Lapkosoft, Vitali Lapko, and Jeff Rapp pray for the entry of judgment as follows:

(1) That Plaintiff take nothing from its Complaint herein and judgment be entered in Defendants' favor and against Plaintiff on all of Plaintiff's claims;

(2) That Defendants be awarded their costs and fees incurred herein; and

(3) For such other, further, and/or different relief as the Court deems just and proper.

Dated: April 12, 2013         FOX ROTHSCHILD LLP

By _____
James E. Doroshow
Patrick Hagan
Attorneys for Defendants,
VM INNOVATIONS, INC., LAPKOSOFT,
VITALI LAPKO, and JEFF RAPP

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, Defendants VM Innovations, Inc., Lapkosoft, Vitali Lapko, and Jeff Rapp hereby demand trial by jury of all issues and claims so triable.

Dated:  April 12, 2013                FOX ROTHSCHILD LLP

By _____
James E. Doroshow
Patrick Hagan
Attorneys for Defendants,
VM INNOVATIONS, INC., LAPKOSOFT,
VITALI LAPKO, and JEFF RAPP