# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VBCONVERSIONS, LLC, a California limited liability company,<br><br>            Plaintiff,<br><br>      vs.<br><br>VM INNOVATIONS, INC., a Nebraska corporation; LAPKOSOFT, a Nebraska business entity; VITALI LAPKO, an individual; JEFF RAPP, an individual; DOES 1-10, INCLUSIVE,<br><br>            Defendant. | CASE NO. CV13-00852-GAF-MAN<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

## **INTRODUCTION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order; and [Proposed] Order ("Stipulation") filed on July 30, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms

1. have been substantively modified by the Court's amendment of paragraphs 7, 8, 10, 12, 13, and 14 of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as CONFIDENTIAL, CONFIDENTIAL-ATTORNEYS' EYES ONLY, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be**

1  **provided by declaration.**

2      Any document that is not confidential, privileged, or otherwise protectable in
3  its entirety will not be filed under seal if the confidential portions can be redacted.
4  If documents can be redacted, then a redacted version for public viewing, omitting
5  only the confidential, privileged, or otherwise protectable portions of the document,
6  shall be filed.  Any application that seeks to file documents under seal in their
7  entirety should include an explanation of why redaction is not feasible.

8      Notwithstanding any other provision of this Protective Order, in the event that
9  this case proceeds to trial, all information, documents, and things discussed or
10 introduced into evidence at trial will become public and available to all members of
11 the public, including the press, unless sufficient cause is shown in advance of trial to
12 proceed otherwise.

13     **THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND**
14 **ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE**
15 **HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE,**
16 **INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND**
17 **FILINGS UNDER SEAL.**

18

19                         **TERMS OF PROTECTIVE ORDER**

20     1.    The Parties **have stipulated and consented** that the terms and
21 conditions of this Stipulated Protective Order ("Protective Order") shall govern the
22 handling of documents and information produced by the Parties to preserve the
23 confidentiality of the information that has been or will be requested and produced in
24 discovery in this action, whether informally or in response to a written interrogatory,
25 **document** production request, or at a deposition.  The Parties agree that a protective
26 order is necessary to protect the integrity of this information, the rights of each of
27 the Parties, and the rights of certain third parties.

28     2.    For the purposes of this Protective Order, **the term** "DOCUMENTS"

1  means all written, recorded, computerized, electronic, or graphical material or
2  information and things, whether produced or created by a Party **or** another person,
3  and whether produced in response to a discovery request, subpoena, agreement, or
4  otherwise.

5       3.      For the purposes of this Protective Order, **the term** "DISCOVERY
6  MATERIALS" means all written interrogatory responses, responses to requests for
7  admission, all deposition testimony, and any items marked at any deposition.

8       4.      The Parties to this action have the right to designate as
9  "CONFIDENTIAL" OR "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any
10 DOCUMENTS and DISCOVERY MATERIALS in this action which either Party
11 believes in good faith contains nonpublic and sensitive personal information of
12 individual persons, trade secrets, confidential research, developments, commercial
13 financial information, and/or any other proprietary, confidential, or competitively
14 sensitive business information.  By **having entered** into this Protective Order
15 providing for the designation of DOCUMENTS and other DISCOVERY
16 MATERIALS as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS'
17 EYES ONLY," no party is admitting that the contents of any such DOCUMENTS
18 or other DISCOVERY MATERIALS are, in fact, confidential.  No party receiving
19 DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" or
20 "CONFIDENTIAL - ATTORNEYS' EYES ONLY," however, has the unilateral
21 right to disregard such a designation.  Rather, the procedures set forth herein must
22 be followed to challenge such a designation

23      4.      Unless agreed to in writing by the respective counsel or otherwise
24 ordered by the Court, any DOCUMENTS or DISCOVERY MATERIALS
25 designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES
26 ONLY," and all information derived therefrom, shall be used only in connection
27 with and/or in preparation for the trial of this action, *VBCONVERSIONS, LLC v. VM*
28 *INNOVATIONS, INC., et al.*, United States District Court Case No. CV 13-00852

GAF (MANx) (this "ACTION"), and shall not be used for any other purpose whatsoever, and shall not be used or disclosed in any cases designated as "related" cases under state or federal law.

5. By producing the DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," producing Parties do not waive any objection to the admissibility, relevance, or any other ground for objection to the DOCUMENTS or DISCOVERY MATERIALS, all of which grounds are specifically reserved.

6. DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" and any copies, summaries, extracts, notes, or memoranda relating thereto may be disclosed by counsel of record for the Parties to this ACTION *only* to the following:

   a. The Parties, their officers, employees, and agents who are working on this specific case;
   b. Counsel of record for the Parties, counsel's employees, and/or agents who are working on this specific case;
   c. Consultants and experts employed by counsel of record for the purpose of assisting in the preparation for and/or trial of this specific case but only to the extent such persons need such confidential information for that preparation;
   d. The Court and **its** personnel;
   e. Employees of outside copy services used to make copies of CONFIDENTIAL documents;
   f. The jury selected for trial in this matter (if any); and,
   g. Any other person under such terms as may be agreed by the Parties in writing or as the Court may hereafter order.

7. Each person, other than **those identified in Paragraphs 6(a), 6(b), 6(d), and 6(f)**, to whom information designated as CONFIDENTIAL is disclosed

5

shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such persons of any such information.  The persons described in Paragraphs 6(c), 6(e), and 6(g) shall not have access to either CONFIDENTIAL information, as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A.  Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material.

      8. DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and any copies, summaries, extracts, notes, or memoranda relating thereto may be disclosed by counsel of record for the Parties to this ACTION *only* to the following:

    a. Attorneys acting on behalf of the parties in this matter;

    b. The office personnel employed by the counsel working under the direct supervision of said counsel;

    c. **The Court and its personnel;**

    d. Experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this agreement in full and read, sign, and agree to be bound by all of its terms.

      9. Any Party wishing to attach DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" as an exhibit to any deposition in this ACTION shall inform the court reporter or transcriber who reports or transcribes testimony about this Protective Order before the beginning of the deposition.  Portions of deposition transcripts marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be treated as if they were the CONFIDENTIAL documents.

1    10.    In the event DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," either by agreement among counsel or by order of the Court, are **lodged or filed** with the Court, or used in connection with any **motion, application, or pre-trial proceeding** in this ACTION, they shall be **submitted with an application to file such documents under seal and shall be placed** in an envelope bearing the caption of this matter and the proper "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" notation. The Parties shall comply with **Local Rule 79-5 with respect to filing documents and/or things** under seal **and shall carefully review and comply with this Court's instructions -- as set forth under the caption "INTRODUCTION" -- in this Order.**

11.    All DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," including all copies and information obtained from such shall be used, subject to the provisions hereof, by the person receiving them only in connection with prosecuting or defending persons or entities named in and in connection with this action, unless otherwise ordered by the Court. All DOCUMENTS or DISCOVERY MATERIALS designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents shall not be used for any business, competitive, or other purposes, and shall not be disclosed to any person or entity, except as provided herein. However, the Protective Order is not intended to apply to documents or information that **are** or **were** already publicly available, or documents or information already possessed by a person without restriction on use or disclosure.

12.    In the event that a Party receiving DOCUMENTS or DISCOVERY MATERIALS designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" disagrees with such a designation, that Party shall serve a written notice of objection to the Party **who or which** so designated the

DOCUMENTS or DISCOVERY MATERIALS. The Parties shall then attempt in good faith to resolve the dispute. If the Parties are unable to come to a resolution after a good faith attempt to resolve the dispute, the Party challenging the protection of the DOCUMENTS or DISCOVERY MATERIALS shall arrange a conference with the Court to resolve the dispute, if possible, or proceed with a noticed motion (or *ex parte* application if warranted) to resolve the dispute. The designation may not be disregarded unless and until it is ordered changed by the Court. **The Party who or which designated the DOCUMENTS OR DISCOVERY MATERIALS as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall bear the burden of establishing the propriety of the challenged designation.**

    13. The parties, their counsel, and all others bound by this agreement agree that upon coming across material from an adversary that is apparently confidential or privileged, and that appears was disclosed inadvertently, **counsel** (including those the materials have been shared with) has a duty to: (1) examine the material only to the extent necessary to determine that it is privileged or confidential; (2) immediately notify the sender of the **disclosure**; and (3) attempt to resolve the dispute informally, or refrain from using the material until further Court order. *See Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807 (2007) (California Supreme Court defining a lawyer's ethical duties when coming across material from an adversary that is obviously confidential or privileged and it appears that the material was disclosed inadvertently).

    14. Upon final determination of this action, whether by judgment, settlement, or otherwise, including all appeals:

        a. The Parties' counsel of record and any other person who has received DOCUMENTS or DISCOVERY MATERIALS designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" shall maintain, destroy or, if

requested by the producing Party's counsel, assemble and return to the producing Party's counsel all materials so produced, along with all copies, extracts, summaries, and compilations thereof, except material constituting the work product of any counsel, which shall be kept confidential thereafter. In returning the DOCUMENTS or DISCOVERY MATERIALS, each Party shall select and arrange with a messenger service to pick up and return the DOCUMENTS or DISCOVERY MATERIALS to the respective Party's counsel; **and**

b. Counsel of record will continue to protect the confidentiality of information contained in DOCUMENTS or DISCOVERY MATERIALS designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY."

15. The execution of this Protective Order shall not preclude any party from moving the Court for protective orders in the course of this litigation, from modifying or expanding this Protective Order as needed, or from objecting to discovery that it believes to be improper.

16. This Protective Order is subject to amendment and modification by further written stipulation among counsel of record in this ACTION or by order of the Court.

///
///
///
///
///
///
///
///

9

The Parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

**IT IS SO ORDERED**.

DATED: August 14, 2013

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated August 14, 2013, in this action entitled *VBCONVERSIONS, LLC v. VM INNOVATIONS, INC. et al.*, United States District Court Case No. CV 13-00852 GAF (MANx), which currently is pending in the United states District Court, Central District of California; that I am familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as CONFIDENTIAL except solely as permitted by the Protective Order; and

I consent to the jurisdiction of **this Court** for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28